UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

Plaintiff, Case No. 3:26-cr-73

vs.

THU HA NGUYEN, District Judge Michael J. Newman
Magistrate Judge Caroline H. Gentry

Defendant.

---

**ORDER: (1) ADOPTING THE REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE (Doc. No. 33); (2) ACCEPTING DEFENDANT'S PLEA OF GUILTY AS CHARGED IN COUNT ONE OF THE INFORMATION; (3) DEFERRING THE DECISION OF WHETHER TO ACCEPT THE PLEA AGREEMENT UNTIL THE SENTENCING HEARING; (4) ADVISING COUNSEL FOR BOTH SIDES THAT VOLUNTARY SURRENDER IS ONLY AVAILABLE IN LIMITED CIRCUMSTANCES AND DEFENDANTS ON BOND ARE TYPICALLY TAKEN INTO CUSTODY AT THE CONCLUSION OF THE SENTENCING HEARING; (5) DENYING DEFENDANT'S MOTION FOR A HEARING (Doc. No. 36); AND (6) DENYING DEFENDANT'S MOTION TO REVOKE THE ORDER OF DETENTION (Doc. No. 35)**

---

This criminal case is before the Court on the Report and Recommendation ("R&R") of the United States Magistrate Judge (Doc. No. 33), recommending that the Court accept Defendant's guilty plea. There being no objections and for good cause shown, the Court **ADOPTS** the R&R in full. The Court **ACCEPTS** Defendant's plea of guilty as charged in Count 1 of the Information, which charges her with wire fraud, in violation of 18 U.S.C. § 1343. The Court **DEFERS** the decision of whether to accept the parties' plea agreement until the sentencing hearing. Counsel for both sides are **ADVISED** that voluntary surrender is only available in limited circumstances, *see* 18 U.S.C. § 3142, and Defendants on bond are typically taken into custody at the conclusion of the sentencing hearing.

Also before the Court is Defendant's motion to revoke the Order of detention (Doc. No. 35), which was made pursuant to 18 U.S.C. § 3145(b) and filed nine days after Defendant pled

guilty in this case. *See* Doc. No. 33. The Government did not file a response in opposition, and the time for doing so has passed.

In light of the instant Order accepting Defendant's guilty plea, the Court construes Defendant's motion as one being made pursuant to 18 U.S.C. § 3143(a). Under 18 U.S.C. § 3143(a), "presentencing detention is mandatory for a defendant facing a term of imprisonment unless the defendant shows 'by clear and convincing evidence that [she] is not likely to flee or pose a danger to the safety of any other person of the community if released.'" *United States v. Sykes*, 807 F. Appx. 553, 554 (6th Cir. 2020).

Given the applicable statutory provision, the Court finds a hearing on Defendant's motion unnecessary. Defendant's motion for a hearing (Doc. No. 36) is therefore **DENIED**. Having carefully considered Defendant's motion to revoke, the Court finds that Defendant has not overcome the presumption of presentencing detention. *See* 18 U.S.C. § 3143(a)(1). Accordingly, Defendant's motion to revoke (Doc. No. 35) is **DENIED** and Defendant shall remain detained pending sentencing.

**IT IS SO ORDERED**

October 13, 2026

s/*Michael J. Newman*
Hon. Michael J. Newman
United States District Judge